**KUTAK ROCK LLP**
Peter J. Barrett  (VSB No. 46179)
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, VA  23219
(804) 644-1700
  *Counsel for Peter J. Barrett, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| CHAMBERLAYNE AUTO SALES | ) |
| & REPAIR, INC., | ) Case No. 17-30335 (KLP) |
| Debtor. | ) |
| | ) |

**ORDER GRANTING MOTION OF PETER J. BARRETT, CHAPTER 7 TRUSTEE, TO EXAMINE AND/OR COMPEL THE PRODUCTION OF DOCUMENTARY EVIDENCE FROM (I) OLIVER LAWRENCE, (II) KIM B. LAWRENCE, (III) OLIVER LAWRENCE, JR., (IV) JIMMY D. LAWRENCE, (V) DONALD LAWRENCE, (VI) LBKBL PROPERTIES, LLC, (VII) CHAMBERLAYNE AUTOS, TRUCKS, SUV SALES, INC. (VIII) RVA AUTO SALES, INC., (IX) NANCY ANN ROGERS, P.C., (X) LES WINGFIELD, (XI) TOWNE BANK, (XII) WELLS FARGO, NA, (XIII) SUNTRUST BANK, (XIV) AMERICAN EXPRESS CORPORATION, (XIV) SYNCHRONY <u>FINANCIAL D/B/A/ SAMS CLUB MASTERCARD, AND (XV) BARCLAYCARD US</u>**

THIS MATTER comes before the Court upon the Motion [Doc. No. 28] (the "Motion") of Peter J. Barrett (the "Trustee"), Chapter 7 Trustee for the Bankruptcy Estate of Chamberlayne Auto Sales & Repair, Inc. (the "Debtor"), for authorization to examine Oliver Lawrence ("O. Lawrence"), Kim B. Lawrence ("Mrs. Lawrence"), Oliver Lawrence, Jr. ("O. Lawrence Jr."), Jimmy D. Lawrence ("J. Lawrence"), Donald Lawrence ("D. Lawrence"), LBKBL Properties, LLC ("LBKBL"), Chamberlayne Autos, Trucks, SUV Sales, Inc. ("CATSS"), RVA Auto Sales, Inc. ("RVAAS"), Nancy Ann Rogers, P.C. ("Attorney Rogers"), Les Wingfield ("Wingfield"), Towne Bank ("Towne"), Wells Fargo Bank, NA ("Wells Fargo"), SunTrust Bank ("SunTrust"),

4818-9342-4458.1

American Express Corporation ("AMEX"), Synchrony Financial d/b/a Sams Club Mastercard ("Sams") Barclaycard US ("Barclays" and collectively with the Debtor, O. Lawrence, Mrs. Lawrence, O. Lawrence, Jr., J. Lawrence, D. Lawrence, LBKBL, CATSS, RVAAS, Attorney Rogers, Wingfield, Towne, Wells Fargo, SunTrust, AMEX and Sams, the "Examinees"), and/or to compel the Examinees to produce documentary evidence and other information pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. It appearing that the Motion was properly served upon all of the Examinees and all other necessary parties, that no objection was timely filed to the Motion, and that good cause exists as set forth in the Motion, IT IS ORDERED, ADJUDGED AND DECREED THAT

1. The Motion is hereby GRANTED.

2. O. Lawrence shall produce the following documents:

    a. All documents that discuss, relate or refer to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of the Debtor to O. Lawrence, or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

    b. All documents comprising any portion of each of the O. Lawrence's business and financial records including, but not limited to, documents, invoices, agreements, balance sheets, income schedules, bank account records, promissory notes, loan agreements, wire records, notes, check stubs, cancelled checks, computer records, company minutes, resolutions and financial documents for the years 2013 through 2017.

3. Mrs. Lawrence shall produce the following documents:

a. All documents comprising any portion of each of the Mrs. Lawrence's business and financial records including, but not limited to, documents, invoices, agreements, balance sheets, income schedules, bank account records, promissory notes, loan agreements, wire records, notes, check stubs, cancelled checks, computer records, company minutes, resolutions and financial documents for the years 2013 through 2017.

b. All documents that discuss, relate or refer to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of the Debtor to Mrs. Lawrence, or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

c. Federal income tax returns of Mrs. Lawrence, including all attachments, exhibits and supporting documentation, for the years 2013 through 2016.

4. O. Lawrence, Jr. shall produce the following documents:

a. All documents comprising any portion of each of the O. Lawrence Jr.'s business and financial records including, but not limited to, documents, invoices, agreements, balance sheets, income schedules, bank account records, promissory notes, loan agreements, wire records, notes, check stubs, cancelled checks, computer records, company minutes, resolutions and financial documents for the years 2016 through 2017.

5. J. Lawrence and D. Lawrence shall produce the following documents:

4818-9342-4458.1

      a. All documents that discuss, relate or refer to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of the Debtor to J. Lawrence, or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

      b. All documents that discuss, relate or refer to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of the Debtor to D. Lawrence, or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

6.     LBKBL shall produce the following documents:

      a. All documents comprising any portion of each of the LBKBL's business and financial records including, but not limited to, documents, invoices, agreements, balance sheets, income schedules, bank account records, promissory notes, loan agreements, wire records, notes, check stubs, cancelled checks, computer records, company minutes, resolutions and financial documents for the years 2013 through 2017.

      b. All documents that discuss, refer or relate to the formation of LBKBL including all operating agreements, minutes, resolutions, corporate communications,

4

4818-9342-4458.1

evidence of membership interests, asset purchase agreements, transfer documents or related documents.

c. All documents consisting of or that discuss refer or relate to the ownership structure, capitalization or equity contributions, including all documents related to initial capital contributions and any subsequent capital contributions or members or shareholders, of LBKBL.

d. All documents regarding any distributions to members or shareholders of LBKBL including invoices, balance sheets, income schedules, bank account records, check stubs, deposit tickets and cancelled checks during the years 2013 through 2017.

7. CATSS and RVAAS shall produce the following documents:

a. All documents comprising any portion of each of the CATSS' business and financial records including, but not limited to, documents, invoices, agreements, balance sheets, income schedules, bank account records, promissory notes, loan agreements, wire records, notes, check stubs, cancelled checks, computer records, company minutes, resolutions and financial documents for the years 2016 and 2017.

b. All documents comprising any portion of each of the RVAAS' business and financial records including, but not limited to, documents, invoices, agreements, balance sheets, income schedules, bank account records, promissory notes, loan agreements, wire records, notes, check stubs, cancelled checks, computer records, company minutes, resolutions and financial documents for the years 2016 and 2017.

c. All documents that discuss, refer or relate to the formation of each of CATSS and RVAAS including all operating agreements, minutes, resolutions, corporate

5

communications, evidence of membership interests, asset purchase agreements, transfer documents or related documents.

   d. All documents that discuss, relate or refer to relating to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of the Debtor to CATSS and/or RVAAS, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

8. Attorney Rogers shall produce the following documents:

   a. All documents that discuss, relate or refer to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of the Debtor to any insider or affiliate of the Debtor (as such terms are defined in 11 U.S.C. § 101), or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

   b. All documents that discuss, relate or refer to transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of O. Lawrence to any insider or affiliate of O. Lawrence (as such terms are defined in 11 U.S.C. § 101), or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan

6

agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

    c.    All documents that discuss, relate or refer to any transaction or communication regarding any transfer, loan, sale, gift or assignment of any assets of LBKBL to any insider or affiliate of LBKBL (as such terms are defined in 11 U.S.C. § 101), or vice versa, including, but not limited to, agreements, sales contracts, letter of intent, closing binders, balance sheets, schedules, bank account records, promissory notes, loan agreements, mortgages, security agreements, wire records, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

9.    Les Wingfield shall produce the following documents:

    a.    All documents that discuss, relate or refer to relating to any tax preparation, accounting or bookkeeping service provided to the Debtor, O. Lawrence, Mrs. Lawrence and/or LBKBL, including, but not limited to, agreements, tax returns and attachments and exhibits, general ledgers, balance sheets, schedules, bank account records, communications in any form, notes, check stubs, cancelled checks, computer records, corporate minutes and financial documents during the years 2013 through 2017.

10.    Towne, Wells Fargo and SunTrust shall produce the following documents:

    a.    All documents that discuss, relate or refer to any account held by the Debtor, O. Lawrence, Mrs. Lawrence, O. Lawrence, Jr., LBKBL, CATSS and/or RVAAS during the years 2013 and 2017, including bank account statements and copies of canceled checks and wire records for transactions over $2,000.00.

11.    AMEX, Sams and Barclays shall produce the following documents:

4818-9342-4458.1

      a.    All documents, including account statements, that discuss, relate or refer to any account held by the Debtor, O. Lawrence, Mrs. Lawrence, O. Lawrence, Jr., LBKBL, CATSS and/or RVAAS during the years 2013 and 2017.

12.    All documentary evidence shall be produced at Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, VA 23219 within 20 days of entry of this Order.

13.    The Examinees (other than Towne, Wells Fargo, SunTrust, AMEX, Sams and Barclays) shall appear at the law offices of Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, VA 23219 to be examined under oath at a date and time to be determined by counsel for Trustee or as otherwise agreed by counsel for the Trustee.

14.    The Trustee, in his discretion, is authorized to issue one or more subpoenas in furtherance of the relief provided for herein.

ENTERED: Jun 9 2017

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:

Entered on Docket: Jun 9 2017

/s/ Peter J. Barrett
**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
Jeremy Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, VA 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
peter.barrett@kutakrock.com
Jeremy.williams@kutakrock.com
  *Counsel for Peter J. Barrett, Trustee*

4818-9342-4458.1

## **CERTIFICATE OF SERVICE**

       I certify under penalty of perjury that a true copy of the forgoing was served via first class mail, postage pre-paid, or through the Court's ECF system on June 6, 2017 on all necessary parties as follows:

Robert VanArsdale, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219

David Spiro, Esquire
Spiro & Browne
6802 Paragon Place, Suite 410
Richmond, VA  23230

Oliver Lawrence
12384 Mechumps Creek Lane
Ashland, VA  23005

Kim B. Lawrence
12384 Mechumps Creek Lane
Ashland, VA  23005

Oliver Lawrence, Jr.
12384 Mechumps Creek Lane
Ashland, VA  23005

Jimmy D. Lawrence
402 Westover Hills Boulevard
Richmond, VA 23225

Donald Lawrence
402 Westover Hills Boulevard
Richmond, VA  23225

LBKBL Properties, LLC
2425 Chamberlayne Avenue
Richmond, VA   23222

LBKBL Properties, LLC
c/o Fred Dixon, Registered Agent
4906 Fitzhugh Avenue
Richmond, 23230

4818-9342-4458.1

Chamberlayne Autos, Trucks, SUV Sales, Inc.
2425 Chamberlayne Avenue
Richmond, VA  23222

Chamberlayne Autos, Trucks, SUV Sales, Inc.
c/o Brittany Rawlinson, Registered Agent
402 South Sycamore Street, Unit B
Petersburg, VA  23803

RVA Auto Sales, Inc.
2425 Chamberlayne Avenue
Richmond, VA  23222

RVA Auto Sales, Inc.
c/o Brittany Rawlinson, Registered Agent
102 South Sycamore Street
Petersburg, VA  23803

Nancy Ann Rogers, P.C.
Attn: Nancy Ann Rogers, Esq.
12673 River Road
Richmond, VA  23238

Les Wingfield
Myers and Stauffer LC
4400 Cox Road, Suite 110
Glen Allen, Virginia 23060

Towne Bank
c/o Christopher J. Lange, Registered Agent
919 East Main Street, 24th Floor
Richmond, VA  23219

Wells Fargo Bank, NA
c/o Corporation Services Company,
Registered Agent
1111 E. Main Street, 16th Floor
Richmond, VA  23219

SunTrust Bank
c/o Corporation Services Company, Registered Agent
1111 E. Main Street, 16th Floor
Richmond, VA  23219

American Express Corporation
P.O. Box. 981537
Attn: Bankruptcy Department
El Paso, TX  79998

American Express Corporation
c/o C T Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060-6802

Synchrony Financial
d/b/a Sams Club Mastercard
Attn: Margaret Keane, CEO
777 Long Ridge Road
Stamford, CT 06902

Barclaycard US
Attn: Curt Hess, CEO
123 S. West Street
Wilmington, DE  19801

10

4818-9342-4458.1

        /s/ Peter J. Barrett
        Counsel

**CERTIFICATION PURSUSANT TO LOCAL BANKRUPTCY RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

        /s/ Peter J. Barrett

4818-9342-4458.1